

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-88,956-01

### EX PARTE JIM JACK THOMPSON III, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-0520-K26A IN THE 26TH DISTRICT COURT
### FROM WILLIAMSON COUNTY

*Per curiam*.

## O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a habitation and sentenced to sixty years' imprisonment. The Third Court of Appeals affirmed his conviction. *Thompson v. State*, 03-14-00371-CR (Tex. App.—Austin Oct. 21, 2015)(not designated for publication).

Applicant contends that his trial counsel rendered ineffective assistance by failing to challenge extraneous evidence and by failing to properly review the findings of Dr. Cantu prior to calling him as a witness. Applicant also contends that appellate counsel was ineffective and that a

juror failed to disclose information that tended to demonstrate his bias.

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). The trial court has filed an order designating issues and ordering affidavits. It appears that Mr. Hines has submitted an affidavit in response to Applicant's claims, but this Court has not received an affidavit from Mr. Ranc.

It appears Applicant is represented by counsel. If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient performance prejudiced Applicant. The trial court shall also make findings regarding whether the performance of appellate counsel was deficient and harmed Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all

affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: October 3, 2018
Do not publish